WILLIAM F. ATKINSON v. WILLIAM FLANNIGAN AND MARY O'CALLAGHAN,

and

IN RE ESTATE OF JOHN FLANNIGAN.

[Two cases.]

*Equity—Bill of interpleader—Appeal.*

A bill of interpleader will not lie at the suit of a party who has taken sides in the subject-matter of the controversy, nor can he appeal from a decree settling the controversy as between the defendants and not affecting him personally.

Appeal from Wayne.    (Jennison, J.)    Argued June 8, 1888.    Decided June 15, 1888.

Bill of interpleader, and appeal of same complainant from order of probate court directing him, as special administrator, to pay over certain funds to the general administrator. Complainant appeals. Decrees affirmed. The facts are stated in the opinion.

*Atkinson & Atkinson,* for complainant and appellant.

*Alfred Russell,* for defendant Flannigan.

CAMPBELL, J.    These two cases involve the same controversy.    William F. Atkinson was appointed special administrator of John Flannigan, deceased, and in that capacity received certain funds deposited by decedent in the People's Savings Bank of Detroit.    He was cited to render his account in the probate court, and turn over the funds to the general administrator; and it was then decreed he must do so. He appealed to the Wayne circuit court.    Pending that appeal he filed a bill of interpleader against the general administrator and Mary O'Callaghan, executrix of Catherine Flannigan, setting up that the money received from the People's Savings Bank was claimed to belong to the estate of Mrs. Flannigan, John Flannigan's widow, and asking that the representatives of the two estates be compelled to interplead.    Answers were filed and proofs taken, and the circuit court decided and decreed that the money belonged to John's estate, and must be paid over to that.    The decree also contained a statement that the case was not a proper one for interpleader, and that the bill should be dismissed.

The circuit court also in the probate appeal affirmed the decision of the probate court, and reached the same conclusion as in the chancery case.

Mr. Atkinson appeals from both decisions.    The printed record is in each instance too imperfect, and the cases might

have been dismissed on that ground; but, as the controversy is simple, we see no difficulty in disposing of it.

In the chancery case the court very properly considered that there was no room for a bill of interpleader, upon the ground, as we presume, that Mr. Atkinson, having taken sides in the matter, was estopped. But the court nevertheless saw fit to make a decree on the merits, from which neither of the defendants appealed, and by which they are bound. Had John Flannigan's estate appealed, we should have been disposed to consider whether the fund ought to have been charged with costs. No costs were charged against Atkinson, and, as the decree settled the controversy as between the two defendants, which was all he claimed to desire, and as no personal decree was made against him, there was no reason why he should have appealed from a decision which in no way affected his rights, and the very theory of his case precluded him from interfering in what had ceased to concern him, if it concerned him at any time. We think the decree was correct; but it could not, if incorrect, have been disturbed by an appeal on behalf of complainant.

So far as the probate case is concerned, we can find no tangible ground of error. The court decided on the facts, as it had a right to do, and no such objections appear. in the record as would justify us in reviewing the finding.

The decrees will both be affirmed, with costs of this Court, which will not be made chargeable on the fund.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred.